# EXHIBIT A

VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM
BY:  Michael T. van der Veen
     I.D. No. 75616
BY:  Jerry A. Lindheim
     ID No. 53099
     1219 Spruce Street
     Philadelphia, PA 19107
     P: (215) 546-1000
     F: (215) 546-8529

ATTORNEYS FOR PLAINTIFF

ENTERED & FILED
PROTHONOTARY OFFICE
LEBANON, PA

2025 JUN 18 A 9:27

MAJOR JURY MATTER. AN
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED.

| | |
|---|---|
| TERRELL WILLIAMS<br>8020 Lindberg Avenue<br>Philadelphia, PA 19153<br>                       Plaintiff,<br>v.<br><br>COUNTY OF LEBANON<br>735 Cumberland Street<br>Lebanon, PA 17042<br><br>And<br><br>JEFFRIE C. MARLEY JR.<br>c/o County of Lebanon<br>Sheriff's Office<br>400 South 8th Street, Room 3<br>Lebanon, PA 17042<br><br>And<br><br>SHERIFF JOHN DOE BADGE # 6862, a fictitious name used to designate an unknown party,<br><br>And<br><br>JOHN DOES #1-10,<br>a fictitious name used to designate an unknown party<br>                      Defendants. | COURT OF COMMON PLEAS<br>LEBANON COUNTY<br><br>No.: 2025-CV-1044 |

## NOTICE TO DEFEND

1

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LEBANON COUNTY BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
1150 Chestnut Street
Lebanon, Pennsylvania 17042
Telephone: 717-273-3113

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE LEBANON
SERVICO DE REFERENCIA E INFORMACION LEGAL
1150 Chestnut Street
Lebanon, Pennsylvania 17042
Telephone: 717-273-3113

VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM
BY:   Michael T. van der Veen
      I.D. No. 75616
BY:   Jerry A. Lindheim
      ID No. 53099
      1219 Spruce Street
      Philadelphia, PA 19107
      P: (215) 546-1000
      F: (215) 546-8529

ATTORNEYS FOR PLAINTIFF

ENTERED & FILED
PROTHONOTARY OFFICE
LEBANON, PA

2025 JUN 18  A 9:27

MAJOR JURY MATTER. AN ASSESSMENT OF DAMAGES HEARING IS REQUIRED.

| | |
|---|---|
| TERRELL WILLIAMS<br>8020 Lindberg Avenue<br>Philadelphia, PA 19153<br><br>                            Plaintiff,<br>v.<br><br>COUNTY OF LEBANON<br>735 Cumberland Street<br>Lebanon, PA 17042<br><br>And<br><br>JEFFRIE C. MARLEY JR.<br>c/o County of Lebanon<br>Sheriff's Office<br>400 South 8th Street, Room 3<br>Lebanon, PA 17042<br><br>And<br><br>SHERIFF JOHN DOE BADGE # 6862, a fictitious name used to designate an unknown party,<br><br>And<br><br>JOHN DOES #1-10,<br>a fictitious name used to designate an unknown party<br><br>                            Defendants. | COURT OF COMMON PLEAS<br>LEBANON COUNTY<br><br>No. 2025-CV-1044 |

## COMPLAINT IN CIVIL ACTION

AND NOW, come the Plaintiff, Terrell Williams by and through their undersigned counsel, file the instant Complaint in Civil Action, and in support thereof aver the following:

3

## PARTIES

1. Plaintiff Terrell Williams, at all times relevant hereto, resided at the above indicated address.

2. Plaintiff Terrell Williams brings this action individually.

3. Defendant County of Lebanon (hereinafter referred to as "County") is a political subdivision of the Commonwealth of Pennsylvania with offices located at the address indicated above.

4. Defendant Jeffrie C. Marley Jr., (hereinafter referred to as "Marley") is the current Sheriff of Lebanon County with offices located at the address indicated above.

5. Defendant Sheriff John Doe badge #6862, (hereinafter referred to as "Sheriff John Doe") is believed and, therefore, averred to be an unnamed individual and/or entity and whose identity has not been able to be ascertained through reasonable investigation and whose real identity are in the exclusive possession and knowledge of the aforesaid Defendants, and who is the Sheriff responsible for injuring the Plaintiff.

6. Defendants John Does #1-10 are fictitious names used to identify an unknown party, is averred to be an individual and/or entity, whose identity(ies) are and/or cannot be determined through reasonable investigation and/or are in the exclusive possession and control of the other Defendants herein.

7. Pursuant to Pa. Rule Civ. Pro. 2005(b), the names of Defendants John Does #1-10 and Sheriff John Doe are unknown to the Plaintiff after having conducted reasonable search within due diligence.

4

8. Pursuant to Pa. Rule Civ Pro. 2005(b), Defendants John Does #1-10 and Sheriff John Doe, designation is averred to be fictitious.

9. Pursuant to Pa. Rule Civ. Pro. 2005(b), the factual descriptions of Defendants John Does #1-10 and Sheriff John Doe, are averred with sufficient particularity for identification. Pursuant to Pa. Rule Civ. Pro. 2005(b), Plaintiff avers that a reasonable search to determine the actual name of Defendants John Does #1-10, has been conducted. The caption will be amended in accordance with Pa. Rule Civ. Pro. 2005(b), upon learning the identity of Defendants John Does #1-10 and Sheriff John Doe.

10. On June 21, 2023, while Plaintiff was present in a Lebanon court room, Defendants Sheriff John Doe and/or John Doe #1-10 without justification or legal cause, negligently, carelessly and/or recklessly physically assaulted Plaintiff. The Defendants Sheriff John Doe and/or John Does #1-10 forcibly threw Plaintiff to the ground, slammed the Plaintiff's face into the courtroom floor, applied excessive knee pressure to the Plaintiff's spine, and deployed a taser on the Plaintiff, causing severe pain and injury.

11. At the time the Defendants Sheriff John Doe and/or John Does #1-10 physically assaulted Plaintiff, Plaintiff did not pose any threat at all to any sheriffs, judges, jurors, or the court room at large. As a result, Defendants Sheriff John Doe and/or John Does #1-10 unreasonably used force against Plaintiff.

## COUNT ONE
## VIOLATION OF 42 U.S.C. § 1983
## EXCESSIVE FORCE
(Plaintiff Terrell Williams v. Defendants Sheriff John Doe and John Does #1-10)

12. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

13. Defendants Sheriff John Doe and/or John Does #1-10 used excessive force thereby violating Plaintiff's rights under the laws of the Constitution of the United States, in particular the 4th and 14th Amendments and his rights under the Constitution and laws of Pennsylvania.

14. Without any justification or provocation, Defendants willfully and maliciously caused seriousness to Plaintiff resulting in an acute cervical sprain, a thoracic back sprain, as well as lasting emotional trauma.

15. The actions committed by Defendants constitute intentional misconduct, unreasonable and excessive use of force, and deliberate indifference to Plaintiff's constitutional rights leading directly to Plaintiff's injury, in violation of Plaintiff's constitutional rights as set forth in the above paragraphs.

**WHEREFORE,** Terrell Williams, demands judgment in his favor and against the Defendants, jointly and/or severally, in an amount in excess of Fifty Thousand Dolars ($50,000.00), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

## COUNT TWO
## VIOLATIONS OF 42 U.S.C. § 1983 FAILURE TO TRAIN
### (Plaintiff Terrell Williams v. Defendants County, Marley. and John Does #1-10)

16. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

17. Defendants County, Marley and John Does #1-10 have and/or had a duty to maintain policies and practices related to the use of force consistent with Pennsylvania Law and the U.S. Constitution.

18. It is believed and, therefore, averred that Defendants County, Marley, and John Does #1-10 have and/or had a policy, custom or practice of ignoring the appropriate standards for

6

use of force, and/or has failed to train its officers appropriately associated with when to engage upon individuals, including Plaintiff.

19.  This was exemplified on June 21, 2023, when Defendants Sheriff John Doe and/or John Does #1-10 unreasonably and without cause or justification, physically assaulted Plaintiff. Defendatns Sheriff John Doe and/or John Does #1-10 forcibly threw Plaintiff to the ground, slammed the Plaintiff's face into the courtroom floor, applied excessive knee pressure to the Plaintiff's spine, and deployed a taser on the Plaintiff, causing severe pain and injury.

20.  As such, Defendants County, Marley and John Does #1-10 and their servants, workers, employees and/or other representatives failed to train, instruct, monitor and/or supervise Defendants Sheriff John Doe and/or John Does #1-10 with regard to the use of force and were negligent, careless and/or reckless with respect to potential violations of constitutional rights.

21.  Defendants County, Marley and John Does #1-10 were the moving force behind the actions of Defendants Sheriff John Doe and/or John Does #1-10 that led to the injury of Plaintiff.

22.  Defendants County, Marley, and John Does #1-10 policies, practices and/or customs led its sheriffs, and/or agents to believe that they could violate the constitutional rights of Plaintiff with impunity and with the tacit approval of the Defendants County, Marley, and John Does #1-10 policies, customs and/or practices were a direct proximate cause of the injuries suffered by Plaintiff.

**WHEREFORE**, Terrell Williams demands judgment in his favor and against the Defendants, jointly and/or severally, in an amount in excess of Fifty Thousand Dolars ($50,000.00), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

## COUNT THREE
## VIOLATIONS OF 42 U.S.C. § 1983 STATE CREATED DANGER
(Plaintiff Terrell Williams v. Sheriff John Doe and John Doe #1-10)

23. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

24. Defendants Sheriff John Doe and/or John Does #1-10 acted under the color of law to create a danger that would not have been present absent such conduct.

25. The Fourteenth Amendment to the United States Constitution guarantees Plaintiff the substantive due process right to be free from state-created dangers.

26. Defendants Sheriff John Doe and/or John Does #1-10 violated this right by taking affirmative steps which placed Plaintiff at imminent and foreseeable risk of danger and harm.

27. The physical, emotional, developmental, financial, psychological, and/or psychiatric harm that Plaintiff suffered after being so placed was foreseeable, and directly and proximately caused by Defendants' unconstitutional acts.

28. Defendants Sheriff John Doe and/or John Does #1-10 arbitrarily and capriciously deprived Plaintiff of his due process rights in the absence of any countervailing state interest.

29. Plaintiff's substantive due process rights to be free of state-created dangers were clearly established constitutional rights at the time of Defendants' acts and omissions, and a reasonable individual would have known that their acts and omissions would violate these clearly established constitutional rights.

**WHEREFORE**, Terrell Williams demands judgment in his favor and against the Defendant Sheriff John Doe and John Does #1-10, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

## COUNT FOUR
## VIOLATIONS OF 42 U.S.C. § 1983 (Monell) UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM
### (Plaintiff Terrell Willaims v. County, Marley and John Does #1-10)

30. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

31. As a result of Defendants County, Marley and John Does #1-10 constitutionally infirm policies, customs, supervision and practices described above, Plaintiff was injured without due process of law, and in violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

32. Specifically, it is submitted that the Defendants County, Marley and John Does #1-10 have formulated and/or ratified a policy that permits or fails to prevent the use of excessive force its sheriff officers assigned to courtroom security, even in the absence of any threat or resistance. These policies, or the lack of sufficient training and oversight, directly contributed to the unconstitutional and violent assault on Plaintiff by Defendants Sheriff John Doe and/or John Does #1-10, who, acting under the color of law, used unreasonable and excessive force upon Plaintiff, resulting in significant physical injury and lasting emotional damage.

**WHEREFORE,** Terrell Williams demands judgment in his favor and against the Defendants, jointly and/or severally, in an amount in excess of Fifty Thousand Dolars ($50,000.00), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

## COUNT FIVE
## NEGLIGENT ASSAULT AND BATTERY
### (Plaintiff Terrell Williams v. Defendants County, Marley, Sheriff John Doe and John Does #1-10)

33. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

34. By the negligent, careless and/or reckless conduct set forth above, by improperly and without consent assaulting, battering and injuring Plaintiff, Defendants each individually and jointly and/or severally, used unreasonable force, caused and intended to cause, harmful and offensive contact leading directly to contact with the body of Plaintiff, constituting assault and battery on his person ultimately resulting in injuries to Plaintiff.

35. It is believed and, therefore, averred that the Defendants Sheriff John Doe and/or John Does #1-10, were not properly educated, trained and/or supervised by the Defendants.

36. By being improperly educated, trained and/or supervised, and as a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, emotional distress, humiliation, mental and physical pain and anguish as well as economic and such other losses as will be established at trial.

37. As the result of assault upon Plaintiff, the Defendant County, is vicariously liable.

**WHEREFORE,** Terrell Williams demands judgment in his favor and against the Defendants County, Marley, Sheriff John Doe, and John Does #1-10, jointly and/or severally, in an amount in excess of Fifty Thousand Dolars ($50,000.00), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

## COUNT SIX
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Plaintiff Terrell Williams v. Defendants County, Marley, Sheriff John Doe, and John Does #1-10)

38. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

39. Defendants County, Marley, Sheriff John Doe and John Does #1-10, acted negligently, carelessly and/or recklessly as a result of the assault upon the Plaintiff.

40. From the moment of his injuries, Plaintiff suffered severe emotional distress due the negligence, carelessness and/or recklessness of Defendants herein.

**WHEREFORE,** Terrell Williams, demands judgment in his favor and **against** the Defendants, jointly and/or severally, in an amount in excess of Fifty Thousand Dolars ($50,000.00), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

Respectfully Submitted,

VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM
By: _____

Michael T. van der Veen, Esquire
ID No. 75616
Jerry A. Lindheim, Esquire
ID No. 53099
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000/ F: (215) 546-8529
mtv@mtvlaw.com/jlindheim@mtvlaw.com

Dated: 6/17/2025

11

## VERIFICATION

I, Terrell Williams, verify that I am the Plaintiff herein and that the facts set forth in the foregoing Answers to Interrogatories and Response to Request for Documents are true and correct to the best of my knowledge, information, and belief.

I further understand that this statement is made subject to the penalties of NJSA 2C: 28-3 relating to the unsworn falsification to authorities.

Signed: X _M. Williams_

Dated: 6/17/25